IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 3:03-cr-122-ECM |
| | ) | (WO) |
| MONROE MCCOY | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's motion for a reduced sentence pursuant to Section 404 of the First Step Act of 2018 (doc. 67) filed on August 6, 2020. The Defendant seeks a reduction in his sentence from 240 months imprisonment to a sentence of 120 months. (*Id*). The government agrees that the Defendant "is eligible for relief under Section 404 of the First Step Act of 2018, Pub.L. 115-391, 132 Stat. 5194 ("First Step Act"), and does not oppose reducing McCoy's sentence to time served and his supervised release term to eight years." (Doc. 75 at 1). For the reasons that follow, the Court concludes that the Defendant's motion will be GRANTED and his sentence reduced to time served and his term of supervised release reduced to eight years.

On June 10, 2003, the Defendant was indicted on two counts of distribution of 5 or more grams of cocaine base in violation of 21 U.S.C. § 841(a) and one count of distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a). (Doc. 1). On August 5, 2003, the Defendant entered a guilty plea to count three of the indictment, distribution of 50 grams or more of cocaine base. (Doc. 44). As part of the binding plea agreement, the parties agreed to a sentence of 240 months imprisonment.

At sentencing on September 29, 2003, McCoy's offense level was determined to be

31, and his criminal history category was IV.  The guideline range at that time was 151 to 188 months.  However, because the Defendant had two prior drug felony convictions, the statutory mandatory minimum sentence was life imprisonment, which restricted McCoy's guideline range to life imprisonment.  On the motion of the government, the Court departed down from a life sentence to a sentence of 240 months.  McCoy was sentenced to 240 months of imprisonment, and a ten-year term of supervised release upon his release from confinement.  (Doc. 53).  McCoy's current projected release date from the Bureau of Prisons ("BOP") is June 5, 2022.  (Doc. 75-1).

## DISCUSSION

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."  *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010).  Pursuant to 18 U.S.C. § 3582(c)(1)(B), as amended by the First Step Act of 2018, the Court may modify a criminal sentence under certain narrow circumstances.  This case is one of those specific situations because the sentence modification is "expressly permitted by statute."  *Id*.

The Fair Sentencing Act of 2010, enacted on August 3, 2010, increased the quantity of cocaine base necessary to trigger the mandatory minimum penalties from 50 grams to 280 grams.  Section 2 of the Fair Sentencing Act requires a sentence of imprisonment of at least ten years for a drug offense involving 280 grams or more of cocaine base.  Prior to the Fair Sentencing Act, an offense involving only 50 grams or more of cocaine base qualified for the statutory minimum.  The Fair Sentencing Act of 2010 was not retroactive in application.

The First Step Act, enacted in 2018, specifically made retroactive the applicable provisions of the Fair Sentencing Act.  First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018).  Pursuant to the First Step Act, the Court may reduce a criminal sentence for a covered offense.  The parties agree, as does the Court, that McCoy was sentenced for a covered  offense within the meaning of §404(a), and that he is eligible for a sentence reduction because he was sentenced for an offense committed prior to August 3, 2010 and because his sentence has not previously been reduced (Doc. 67 at 8; Doc. 75 at 5-7).

At the Defendant's sentencing, the Court determined that McCoy's offense level was 31 and that his criminal history category was IV.  McCoy asserts that retroactive application of the Fair Sentencing Act renders a statutory mandatory minimum sentence of 10 years, rather than life imprisonment.  He further asserts that his pre-departure guideline range would have been 151-188 months, and his post-departure guideline range would have been 63-78 months, increased to the statutory mandatory minimum of 120 months.[1]  (Doc. 67 at 8).  Accordingly, McCoy, seeks a sentence reduction from 240 to 120 months and a reduced term of supervised release from ten to eight years.  The government does not oppose the sentence reduction but argues that a sentence of time served is the appropriate

---

[1] The mandatory minimum term of imprisonment for a drug offense involving at least 28 grams of cocaine base but less than 280 grams of cocaine base would be five years.  21 U.S.C. § 841(b)(1)(B)(iii).  With an enhancement for a prior drug offense, the mandatory minimum rises to not less than ten years imprisonment.  *Id*.  The period of supervised release is reduced from ten years to eight years.  *Id*.

sentence as McCoy has served approximately 185 months.[2] The Court concludes that a reduced sentence of time served is an appropriate sentence.

McCoy argues that a sentence of 120 months is appropriate because the government moved for, and the Court granted, a downward departure from life to 240 months at his original sentencing. According to McCoy, a sentence of 120 months is appropriate because it is "a fair approximation of the sentence he would have received, if the Fair Sentencing Act of 2010 were in effect at the time of the covered offense was committed." (Doc. 67 at 10). The Defendant's argument, however, is purely speculative. Indeed, McCoy's arguments in favor of sentence reduction rest on the very notion that circumstances exist today that did not exist at the time of his sentencing and which affected the Court's decision. As such, the Court declines to opine that the sentencing court would have made the same decision in all aspects of the sentencing except those affected by the First Step Act and which make a sentence reduction appropriate. McCoy does not, and cannot, establish that this Court should reduce his sentence such that it is proportional to the original sentence.

> [A] defendant in a sentence reduction proceeding is not entitled to a sentence at "a point within the new lower Guidelines range that is 'proportional' to the point previously chosen in the older Guidelines range," nor is there "any law or convincing reason" for presuming that a purportedly "proportional" reduction would lead to the "right" sentence.

---

[2] At the time of sentencing, McCoy was serving a sentence of 21 months on the revocation of his supervised release. (Doc. 75-1). The sentence in this case was consecutive to any sentence McCoy was serving. (Doc. 53 at 2). Consequently, although McCoy has served approximately 206 months, he has served approximately 185 months on the sentence at issue.

*United States v. Jackson*, 952 F.3d 492, 502 (4th Cir. 2020).  Consequently, the Court declines to reduce McCoy's sentence to 120 months imprisonment on this basis.

Moreover, the government objects to a sentence of 120 months "because McCoy would then have a credit of overserved time that could later affect a later violation of supervised release." (Doc. 75 at 9).  The government relies on the Fourth Circuit case of *United States v. Jackson*, *supra*, to support its position that time served is an appropriate sentence in this case.  Counsel did not cite to an Eleventh Circuit case on the appropriateness of banked time, and the Court has not found one. This Court is skeptical about the notion that a defendant should be allowed to bank time against either new criminal conduct or a supervised release violation and concurs with the Fourth Circuit in this regard.

In any event, the Court finds that a sentence of time served is an appropriate sentence reduction in this case.  Before granting a sentence reduction, the Court must consider the sentencing factors set forth at 18 U.S.C. § 3553(a).  These sentencing factors include the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for deterrence, the need to avoid unwarranted sentencing disparities, and the need to protect the public from further crimes of the Defendant.  *See* 18 U.S.C. § 3583(e)(1) and § 3553(a).    The Defendant argues that, at 63 years old, his recidivism risk is minimum. (Doc. 67 at 12).   He was recently placed on home confinement by the Bureau of Prisons and has been incarcerated approximately 185 months for the present offense.  Having considered the sentencing factors found at 18 U.S.C. § 3553(a), as well as the retroactive application of the First Step Act, the amended statutory mandatory minimum, the amount

of time McCoy has already served, and his low risk of recidivism, the Court concludes that a sentence reduction of time served, to be followed by an eight-year term of supervised release is an appropriate sentence in this case.

## CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED that the Defendant's motion for a reduced sentence pursuant to Section 404 of the First Step Act of 2018 (doc. 67) is **GRANTED** and the Court, in its discretion, **REDUCES** the Defendant's term of imprisonment to a period of **TIME SERVED PLUS TEN (10) DAYS**.  The Defendant's term of supervised release shall be **REDUCED** to a period of **EIGHT (8) YEARS**.  All other terms and conditions of the Defendant's Judgement (doc. 53) shall remain in full force and effect.

An Amended Judgment and Committal Order will be entered.

DONE this 27th day of August, 2020.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE